**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 10-83-JBC**

**MARY HEDGEPATH, Executor of the
Estate of Shannon D. Reed, Deceased,**                                            **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**LEE COUNTY, KENTUCKY, et al.,**                                        **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \*

Pending before the court are motions for summary judgment by defendant Varian Rowland (R.83), by the other defendants (R.54), and by plaintiff Mary Hedgepath (R.82). For reasons discussed below, Rowland's motion will be granted in part and denied in part; the other defendants' motion will be granted in part and denied in part; and Hedgepath's motion will be denied.

On September 28, 2009, Shannon Reed was arrested in Jackson, Kentucky, and charged with Public Intoxication.  Reed was taken to the Three Forks Regional Jail.  Defendant Lumpkins was a new employee of the jail and was working in the control room when Reed was brought into the jail.  She watched on the video monitor as Reed entered the jail under his own power.  She was then relieved from her control room duties so that she could observe the booking process.  Defendant Rick Smyth escorted Reed to a shower cell and performed a strip search of Reed. Smyth told Reed that he should sit down to undress because Reed appeared to be

1

unsteady on his feet.  The search yielded a small amount of marijuana.  Smyth then instructed Reed to dress in jail clothing and return to the booking area, which he did.  Defendant Deputy Jailer Varian Rowland was the booking officer, shift supervisor, and senior officer on duty when Reed was brought into the jail. Rowland wrote "too high to sign" on Reed's booking sheet and medical form, admitted Reed to the jail at approximately 6:14 a.m., and placed him in a cell six minutes later to "sleep it off."  Soon after being placed in the cell, Reed fell asleep and began snoring loudly.  Reed did not wake up when breakfast was distributed at approximately 6:30.  Rowland checked on Reed at approximately 6:40 and Smyth and Lumpkins heard Reed snoring.  At 7:00 a.m. the night shift ended for Rowland, Lumpkins, and Smith. The jail personnel who worked the morning shift, including defendants Alexander, Freeley, Neeley, and Sebastian, reported for work at that time.  As the highest ranking officer present, Alex Neeley was technically the shift commander of the morning shift, but his duties as Internal Affairs officer kept him from the secure area of the jail that morning, so Alexander was actually the ranking officer there.  Soon after she clocked in, Alexander went to check on Reed.  She observed him lying on the floor of his cell and snoring loudly.  Defendant Shon Sebastian checked on Reed by looking through his cell window and observing him sleeping and breathing at 7:11.  Around 8:00 a.m. defendant Zach Fraley went to Reed's cell to wake Reed for an interview with pretrial services.  Fraley called Reed's name two or three times but could not wake him.  At 8:58 Alexander again

2

checked on Reed by looking through the cell window, and again found him sleeping and snoring.

At approximately 9:10 am, Alexander attempted to wake Reed for a video arraignment and found him unresponsive.  Alex Neeley came to assist Alexander, who left Reed's cell to attend the video arraignment with other inmates.  Although Reed's body was warm to the touch and his skin color was normal, Neeley determined that Reed had no pulse.  Neeley instructed Fraley to call 911 to request an ambulance.  Fraley then retrieved an "ambu" bag to facilitate CPR, which Neeley administered until EMS arrived 10-12 minutes later.  Reed was first taken to Kentucky River Medical Center in Jackson, then to St. Joseph Hospital in Lexington, where he was pronounced dead after his life support was terminated. An autopsy determined Reed's cause of death to be anoxic encephalopathy (brain death) brought on by acute combined drug (oxycodone and hydrocodone) toxicity. Mary Hedgepath is the executor of Reed's estate.

### I. Constitutional Claims

In her complaint, Hedgepath alleged that the defendants violated Reed's constitutional rights under the Eighth, Tenth, and Fourteenth Amendments.  But in her response to the defendants' motion for summary judgment, Hedgepath conceded that her claims under the Eighth and Tenth Amendment should be dismissed. R. 75, pp. 30 no.8.  Therefore, Rowland's and the other defendants'

motions for summary judgment will be granted as to the Eighth Amendment claim and the Tenth Amendment claim.

A "constitutional claim for deliberate indifference to serious medical needs has objective and subjective components. The objective component requires a 'sufficiently serious' medical need." Blackmore v. Kalamazoo County, 390 F.3d 890, 899-900 (6th Cir. 2004) (*quoting* Farmer v. Brennan, 511 U.S. 825, 834, (1994).  "The subjective component requires an inmate to show that prison officials have a 'sufficiently culpable state of mind in denying medical care.'" Blackmore v. Kalamazoo County, 390 F.3d 890, 895, *quoting Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence." *Farmer,* 511 U.S. at 835.  "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994).  Put a different way, "the subjective component requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837)."

The plaintiff has not alleged that any of the defendants had actual knowledge of Reed's substantial risk (and she has not provided any evidence to

suggest that defendants Combs and Pelfrey even knew Reed existed until after he had been removed from the jail.)  The plaintiff alleges that defendants Rowland, Alexander, Lumpkins, Smyth, Sebastian, and Fraley had actual or constructive knowledge of Mr. Reed's charge, his condition on arrest, and his condition on admission to the Jail.  R. 75 at 29.  But the plaintiff does not allege that the defendants inferred that Reed was at serious risk, and disregarded that risk.  "A successful §1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights such that mere negligence or recklessness is insufficient." *Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir.1999) (*citing Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Because the plaintiff does not allege facts sufficient to constitute deliberate indifference, the defendants' motions will be granted on this ground alone.

Municipal Liability

For a municipal defendant such as these counties and Jail Authority to be found liable under a §1983 claim, a plaintiff must show that the plaintiff's harm was caused by a constitutional violation and that the governmental entity was responsible for that violation.  *Collins v. City of Harken Heights*, 503 U.S. 115 (1992).  In the present case, Hedgepath has not made factual allegations sufficient to support a constitutional claim against the defendants, so the court does not need to address the second part of the test.

**II. State Tort Claims**

5

Hedgepath alleged that defendants' conduct constituted the torts of negligence, gross negligence, and outrage, but she later conceded that the outrage claim should be dismissed. R. 75, pp.46 no.11.  Hedgepath concedes that defendants Lee, Owsley, and Wolfe Counties are entitled to sovereign immunity as to the state tort claims, as are the individual defendants in their official capacities. R. 75 at 46.  Three Forks Regional Jail Authority is also entitled to sovereign immunity.  Hedgepath points to Kentucky statutory language allowing for the creation of a regional jail authority like Three Forks: "Two or more counties may by ordinances establish a regional jail authority" which shall have the power "to sue and be sued." KRS 441.800(2)(a).  But the Kentucky Supreme Court held that this power merely "authorizes suits on contracts or to protect one's property, but not for torts." *Grayson County Board of Education v. Casey, Ky.* 157 S.W.3d 201 (2005).  The statutory language cited by the plaintiff makes no reference to any waiver of sovereign immunity.  The Three Forks Regional Jail Authority is entitled to any immunity that the counties possess.  Thus the court will grant the defendants' motion as to the Jail Authority.

As to the remaining claims of negligence and gross negligence against the individual defendants, the defendants' motions for summary judgment will be denied, as will Hedgepath's motion for summary judgment against defendant Varian Rowland on the issue of liability.  Under the facts of the case as summarized above, viewed in a light most favorable to the plaintiff, there are genuine issues of

material fact as to the state claims.  The court will require the parties to address the issue of immunity from the state torts at the pretrial conference.

Accordingly,

**IT IS ORDERED** that Rowland's motion for summary judgment (R.83) is **GRANTED** as to the constitutional claims and **DENIED** as to the other claims.

**IT IS FURTHER ORDERED** that the other defendants' motion (R.54) is **GRANTED** as to Lee, Owsley, and Wolfe Counties and to the Jail Authority; it is **GRANTED** as to all claims under §1983; and it is **DENIED** as to all other claims.

**IT IS FURTHER ORDERED** that Hedgepath's motion (R.82) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall be prepared to address the question of each defendant's immunity from the state claims of negligence and gross negligence.  The court will hear arguments at the pretrial conference.

Signed on November 7, 2011

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY