UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-83-JBC

MARY HEDGEPATH, Executor of the
Estate of Shannon D. Reed, Deceased,                                   PLAINTIFF,

V.                      MEMORANDUM OPINION AND ORDER

LEE COUNTY, KENTUCKY, et al.,                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Pending before the court is plaintiff Hedgepath's motion to exclude the opinions of defendants' experts at trial, R. 55, which will be considered a motion in limine.  For the reasons explained below, Hedgepath's motion will be denied.

**A. Robert Powell**

Powell worked more than twenty years with the Kentucky Department of Corrections and since then has spent almost a decade in criminal justice consulting and has published many sets of standards for Kentucky jails.  Because of his knowledge, skill, training, experience and education, Powell is qualified to testify regarding his conclusions that are based on his examination of the evidence.  *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichaiel*, 526 U.S. 137 (1999); *In re Scrap Metal Antitrust Lit.*, 527 F.3d 517, 528-529 (6th Cir. 2008).  Powell's expected testimony is relevant because it will assist the trier of fact in understanding the evidence and determining facts in issue, particularly whether the defendants' actions were compliant with pertinent laws, regulations, and policies.

*See Id.* Powell's expected testimony is reliable. His conclusions are based on his close examination of the evidence, and he relies on his experience and training in criminal justice. *See* Fed. R. Evid. 702; *Kumho Tire*, 526 U.S. 137; *In re Scrap Metal*, 527 F.3d at 528-529.

Hedgepath claims that Powell should not be allowed to offer an opinion on whether defendants were "deliberately indifferent" in their dealings with Reed. The Sixth Circuit addressed the issue of whether an expert may offer an opinion on deliberate indifference in *Berry v. City of Detroit*, 25 F.3d 1342, 1353-54. But in that case, the expert was offering an opinion on whether the city's policies and training programs on the use of deadly force by police officers demonstrated deliberate indifference on the part of the city that would give rise to municipal liability under 42 U.S.C.S. § 1983. In that context, "deliberate indifference" was a conclusion of law. In the context of Robert Powell's opinion in the present case, the mindset of the defendants during Shannon Reed's incarceration, as it relates to the defendants' awareness of any health risk Reed faced, is a question of fact on which Powell is qualified to give an opinion.

Hedgepath's arguments asserting the weakness of Powell's expert opinion go toward the weight of his testimony rather than its admissibility. *See Mclean v. 988011 Ontario Ltd.* 224 F.3d 797, 801 (6th Cir. 2000). Hedgepath will have an opportunity to cross-examine the experts on matters raised during direct examination. Due to Powell's qualifications and the relevance and reliability of his expected testimony, he will be allowed to testify.

**B. Johnathon J. Lipman**

Lipman is a widely published scholar in the highly specialized field of neuropharmacology. Because of his knowledge, skill, training, experience and education, Lipman is qualified to testify regarding his conclusions that are based on his examination of the evidence. *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-529 (6th Cir. 2008). Lipman's expected testimony is relevant because it will assist the trier of fact in understanding the evidence and determining facts in issue, particularly the behavioral and physiological effects of the drugs in Reed's system, and the impact of drug tolerance. *See Id.*   His conclusions are firmly grounded in his specialized observations made during his examination of the evidence.

Lipman's expected testimony is reliable.  His conclusions are based on his close examination of the evidence, and he relies on his experience and training in neuropharmacology.  *See* Fed. R. Evid. 702; *Kumho Tire,* 526 U.S. 137; *In re Scrap Metal*, 527 F.3d at 528-529.  Because of Lipman's qualifications and the relevance and reliability of his expected testimony, he will be allowed to testify.

**C.     J. David Talley**

Talley has vast experience in practice and research as a cardiologist. Because of his knowledge, skill, training, experience, and education, Talley is also qualified to testify regarding his conclusions that are based on his examination of the evidence. *See* Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-529 (6th Cir. 2008).

Talley's expected testimony is relevant because it will assist the trier of fact in understanding the evidence and determining facts in issue, specifically whether an underlying medical condition may have been a contributing factor in Reed's death. *See Id.* Talley's expected testimony is reliable. His conclusions are based on his close examination of the evidence, and he relies on his experience and training in the specialized field of cardiology. *See* Fed. R. Evid. 702; *Kumho Tire,* 526 U.S. 137; *In re Scrap Metal*, 527 F.3d at 528-529.

Due to their qualifications and the relevance and reliability of their expected testimony, Powell, Lipman, and Talley will be allowed to testify. Accordingly,

**IT IS ORDERED** that Mary Hedgepath's motion to exclude the opinions of defendants' experts (R.55) is **DENIED**.

Signed on November 7, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY