UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MARY HEDGEPATH, Executor of the Estate of Shannon D. Reed, Deceased, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5: 10-83-DCR |
| V. | ) ) ) |
| LEE COUNTY, KENTUCKY, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Mary Hedgepath's motion to strike the defendants' supplemental designation of experts and amended report of expert Robert Powell. [Record No. 182] She seeks to exclude any reference to the opinions disclosed in the defendants' June 14, 2013 filing. For the reasons set forth below, the Court will deny the relief requested by Hedgepath.[1]

This matter arises from the death of Shannon Reed from an overdose while in custody at the Three Forks Regional Jail in Beattyville, Kentucky. Reed's mother, Mary Hedgepath, filed suit against several Kentucky counties, the Three Forks Regional Jail, and nine Three Forks employees in their individual and official capacities. [Record No. 1] The employees moved for summary judgment on the grounds of qualified immunity, and the Court denied their motions.

---

1   Under the Local Rules, the time within which the plaintiff may file a reply to the defendants' response has not yet run. However, after reviewing the plaintiff's motion, and the Sixth Circuit's opinion, the Court concludes that a reply is not needed to resolve the issue currently before the Court.

-1-

[Record Nos. 137, 140, 153] These defendants appealed the Court's denial of qualified immunity and, on April 5, 2013, the Sixth Circuit affirmed. [Record Nos. 157, 171] Reading the Three Forks Regional Jail medical emergency policy together with the regulations promulgated by the Kentucky Department of Corrections, the Sixth Circuit found that the jailers had a duty to "ensure the safety of intoxicated detainees by checking on them every twenty minutes to make sure they were conscious."[2] [Record No. 171, p. 9] Because this duty is ministerial in nature, the court concluded that the defendants were not entitled to qualified immunity.

Following the retirement of United States District Judge Jennifer B. Coffman, this action was transferred to the undersigned pursuant to General Order No. 13-3. [Record No. 170] After the interlocutory appeal was resolved, this Court entered an amended scheduling order on May 16, 2013, establishing new discovery deadlines in this action. [Record No. 177] On June 14, 2013, the defendants timely filed a second supplemental expert witness disclosure, designating two individuals as experts concerning "various correctional issues." [Record No. 181] Specifically, these experts intend to testify that the regulations and jail policy "were never intended to be read together and have no mutual interactive effect," and therefore that jailers are "not trained to wake sleeping inmates at periodic intervals." [*Id.*, p. 2] Additionally, the

---

2   The Sixth Circuit's opinion does not, as the defendants maintain, require "that deputy jailers must wake sleeping inmates at 20-minute intervals to determine if they are unconscious or merely sleeping." [Record No. 183, p. 4] Rather, the court stated that the duty to check intoxicated detainees every twenty minutes is ministerial even though it involves "some exercise in judgment" because "whether an individual is unconscious — as opposed to sleeping or dead — is an objective factual question that can be resolved by, *for example*, attempting to wake the individual." [Record No. 171, p. 10 (emphasis supplied)] Indeed, the factual background of this case illustrates two other methods of carrying out the duty through observation: at one point, Reed was "snoring loudly enough to be heard outside of the cell," and later the deputy jailers saw him "breathing and changing positions on the mat." [*Id.*, p. 3]

defendants have provided an amended report from their previously-disclosed expert, which states in part that "[t]here is no policy that requires deputies to make sure that an inmate is conscious and not in need of medical attention as indicated in the Sixth Circuit ruling." [Record No. 181-1, p. 1] This report also provides information about the usual methods for detecting "symptoms of distress" in inmates. [*Id.*]

Hedgepath requests that the Court strike these filings on the grounds that the defendants are attempting to use these expert opinions to "attack, and to encourage to the Court and the jury to disregard, the Sixth Circuit's ruling in — and the law of — this case." [Record No. 182, p. 3] She also argues that the proposed expert opinions are inadmissible because they address matters of law and policy, matters which are not properly presented to a jury. The defendants counter that Hedgepath "exaggerates the breadth and scope of the appellate court's ruling." [Record No. 183, p. 1] Therefore, they maintain that the Sixth Circuit's opinion does not render their experts' opinions irrelevant to the resolution of the remaining issues in this action.

The defendants are correct that, due to the procedural posture of the interlocutory appeal, the Sixth Circuit relied on this Court's conclusions regarding the regulatory requirements for jail employees, and did not rule on any factual questions in this case. [Record No. 171, pp. 5-6] The court specifically stated that "[t]o the extent that the Deputy Jailers assert that the policy does not apply to them, question the timing of when Reed became unconscious, or dispute the District Court's findings on the terms of the jail's policy on unconscious inmates, these are factual issues that cannot be resolved at this stage of the litigation." [*Id.*, p. 9 n.2] Therefore, the Sixth

Circuit's opinion does not foreclose the admission of evidence concerning the application of the policy to the facts of this case.

The defendants also argue that the expert opinions are necessary because Hedgepath seeks punitive damages, and thus the parties will be required to present evidence regarding the defendants' intent. *See* KRS § 411.184(2). As a result, expert testimony that "the individual defendants were not trained to monitor inmates in the manner set forth by the Sixth Circuit" will be "relevant to the question of their intent to harm Shannon Reed or their indifference to his needs." [Record No. 183, p. 3] Further, the defendants contend that the expert opinions will be relevant to Hedgepath's claims for negligence and gross negligence. In light of the Sixth Circuit's clear refusal to state an opinion on the facts of this case, the Court rejects Hedgepath's argument that the proposed expert opinions are irrelevant and "invade[] the province of the Court." [Record No. 182, p. 3] It is not appropriate at this time to strike the defendants' supplemental disclosure in its entirety. To the extent that Hedgepath's motion indicates her concerns about the admissibility of certain portions of the expert opinions, she is not prevented from raising those specific challenges at a later stage in the litigation. [*See* Record No. 182, pp. 3-4 (citing *Chavez v. Carranza*, 559 F.3d 486 (6th Cir. 2009); *Bd. of Trustees, Sheet Metal v. Padadium Equity*, 722 F. Supp. 2d 845, 853 (E.D. Mich. 2010)).]

Accordingly, it is hereby

**ORDERED** that Plaintiff Mary Hedgepath's Motion to Strike Defendants' Supplemental Designation of Experts [Record No. 182] is **DENIED**.

This 17th day of July, 2013.

